McKinney v. Dzurenda

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fourteen.

PRESENT:
> AMALYA L. KEARSE,
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

William J. McKinney,

> *Plaintiff-Appellant,*
>
> v.                                                                    13-1901

James Dzurenda, Warden, *et al.*,

> *Defendants-Appellees,*

Unknown,

> *Defendant.*

---

FOR PLAINTIFF-APPELLANT:          William J. McKinney, *pro se*, Suffield, CT.

FOR DEFENDANTS-APPELLEES:          Robert S. Dearington, Assistant Attorney General, *for* George Jepsen, Attorney General, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant William J. McKinney, *pro se* and incarcerated, brought a 42 U.S.C. § 1983 excessive force action against several corrections officers ("COs") at Garner Correctional Institution.  He alleged that he was beaten by four COs in retaliation for his having several disciplinary tickets against him dismissed, while the COs alleged that he was acting erratically, and they used force only when he refused to comply with orders.  After reviewing evidence including video footage of the incident, the district court granted summary judgment to the defendants.  On appeal, McKinney principally argues that the district court erroneously made findings of fact in crediting the defendants' version of events.  We assume the parties' familiarity with the case.

We review *de novo* the district court's grant of summary judgment. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for

the court on summary judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

We find no error in the district court's grant of summary judgment to the defendants on McKinney's excessive force claim. He principally argues that, based on the video footage, it was impossible to know what was said before and during the incident -- *i.e.*, whether he made hostile comments to the COs and refused to comply with their orders to stop resisting, or they made aggressive comments to him and attacked him without provocation. In other words, he argues that what was said before and during the incident is material to "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

As McKinney correctly notes, the video footage lacks audio, and it is impossible to know exactly what was said. However, the following is clear from the video: Without any aggressive moves from any of the COs, McKinney assumed a boxing stance and made clear his willingness to fight. It was only then that the officers used force to subdue him. As the district court properly concluded, viewing the video

3

footage together with the other evidence, no reasonable fact-finder could conclude that the defendants used force against McKinney maliciously or sadistically to cause harm; rather, they used necessary force in a good faith effort to maintain order and security and re-gain control over him.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk